IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY DARNELL HOPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-04-1736-T |
| ) | |
| MIKE ADDISON, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Mr. Larry Hopson seeks habeas relief in connection with his state court conviction, and the Respondent has moved for dismissal on grounds of timeliness. The Court should grant the motion.

## Background

In state court, Mr. Hopson was convicted of distribution of, and conspiracy to distribute, a controlled dangerous substance. *See* Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at pp. 1-2 (executed Dec. 14, 2004) ("Petition"). The Petitioner appealed,[1] and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on September 12, 2003.[2]

---

[1]   *See* Petition at p. 2.

[2]   Summary Opinion, *Hopson v. State of Oklahoma*, Case No. F-2002-517 (Okla. Crim. App. Sept. 12, 2003).

Mr. Hopson filed the habeas petition in this Court no earlier than December 14, 2004.[3]

## **Timeliness of the Present Action**

The present action is untimely because it was initiated after expiration of the limitations period.

I.    Statute of Limitations

Under federal law, a one-year period of limitations exists for the filing of federal habeas actions. *See* 28 U.S.C. § 2244(d)(1) (2000). This period begins to run from "the latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A) (2000).

As noted above, the OCCA affirmed Mr. Hopson's conviction on September 12, 2003. *See supra* p. 1. Mr. Hopson then had 90 days from September 12, 2003, to file a petition for a writ of certiorari in the United States Supreme Court. *See* 28 U.S.C. § 2101(c) (2000); Rule

---

[3] The petition contains a verification signed by Mr. Hopson on December 14, 2004. Petition at p. 14. The petition is deemed filed when Mr. Hopson gave it to prison authorities for mailing. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a prisoner's notice of appeal is deemed "filed" when he delivers it "to prison authorities for forwarding to the district court"). In this situation, the Court should assume *arguendo* that Mr. Hopson had given the petition to authorities for mailing on the same day that he verified it. *See Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) ("Liberal application of the mailbox rule . . . causes us to treat the [habeas] petition as placed in the hands of prison authorities on the same day it was signed." (citation omitted)); *see also United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate of service, which contains a declaration in compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely.").

13.1, Rules of the Supreme Court of the United States (eff. May 3, 1999).[4] The Petitioner apparently did not seek review in the United States Supreme Court. As a result, his conviction became final 90 days later, on December 11, 2003.[5] Without tolling, the limitations period would have expired one year later, which would have been December 13, 2004. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (stating that under an analogous limitations period in 28 U.S.C. § 2255, the final day to institute an action "is the anniversary date of the relevant act").[6] But the habeas petition was not filed until the next day, at the earliest. *See supra* p. 2.[7]

---

[4] Mr. Hopson contends that his state conviction had become final on October 2, 2003, which is when the OCCA issued its mandate. Response to Order to Show Cause at p. 1 (Jan. 19, 2005). According to the Petitioner, he had 90 days from that date, or until January 1, 2004, to seek relief in the United States Supreme Court. *Id.* Thus, he believes that the limitations period had expired on January 1, 2005. *Id.* at pp. 1-2. The Petitioner is incorrect because the 90-day period begins with the filing of the OCCA opinion rather than issuance of the mandate. United States Supreme Court Rule 13.3 states: "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Rule 13.3, Rules of the Supreme Court of the United States (eff. May 3, 1999).

[5] *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under [28 U.S.C. § 2244(d)(1)(A)], a petitioner's conviction is not final . . . following a decision by the state court of last resort - [until] 'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'" (citation omitted)).

[6] The one year limitations period would have expired on December 11, 2004. But because that day was a Saturday, the Petitioner had until the following Monday, December 13, 2004, to timely file the habeas petition. *See* Fed. R. Civ. P. 6(a); *see also Rhine v. Boone*, 182 F.3d 1153, 1155 n.3 (10th Cir. 1999) ("The following Monday was a legal holiday, so the petition should have been filed by Tuesday, January 20, 1998.").

[7] The Petitioner here was only one day late in filing the habeas petition. But the Court lacks discretion to overlook the delay. *See Rouse v. Lee*, 339 F.3d 238, 253 (4th Cir. 2003) (*en banc*)
(continued...)

II.   Statutory Tolling

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (2000). But Mr. Hopson did not file an application for post-conviction relief. *See* Petition at p. 2.

III.   Equitable Tolling

The limitations period may be subject to equitable tolling "in rare and exceptional circumstances. . . ." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). These circumstances are not present here.

To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*,

---

[7](...continued)
(upholding dismissal of a habeas petition on grounds of timeliness, even though it was filed only one day late, because the court "look[s] not to the length of the delay, but to the reasons for delay in determining whether equitable tolling is appropriate"), *cert. denied*, 541 U.S. 905 (2004); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways . . . ." (citation omitted)). For example, the Fifth Circuit Court of Appeals held that a habeas petition was untimely by four days and explained that the length of the delay was immaterial:

> In past cases, we have focused on the reasons for missing the deadline rather than on the magnitude of the tardiness. At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

*Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002) (footnotes omitted).

223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted). For example, equitable tolling may be appropriate when: (1) "a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent,"[8] (2) "an adversary's conduct - or other uncontrollable circumstances - prevents a prisoner from timely filing," or (3) "a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period . . . ."[9] None of the exceptions applies.

In the petition, Mr. Hopson alleges insufficient evidence on the conspiracy conviction. Petition at p. 5. But this claim does not support equitable tolling. Such tolling is available only when the petitioner presents evidence sufficient to undermine the Court's confidence in the outcome of the criminal proceedings. *See Christensen v. Hines*, 8 Fed. Appx. 864, 867 (10th Cir. Mar. 9, 2001) (unpublished op.) ("In order to qualify for equitable tolling on an actual innocence claim, the petitioner must come forward with sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings." (citations omitted)). Mr. Hopson did not submit any new evidence, and the omission prevents equitable tolling based on actual innocence. *See Reynolds v. Hines*, 55 Fed. Appx. 512, 513 (10th Cir. Jan. 27, 2003) (unpublished op.) (upholding the rejection of equitable tolling when

---

[8]    *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[9]    *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted).

the petitioner "had completely failed to support his allegations of innocence with 'new reliable evidence'").

IV.     Summary

The Petitioner is not entitled to statutory or equitable tolling. As a result, the limitations period expired on December 13, 2004. Mr. Hopson's filing of the habeas petition on December 14, 2004, was untimely and the Court should grant the motion to dismiss.

## Notice of Right to Object

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is April 19, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## Status of the Referral

The referral to the undersigned is terminated.

Entered this 29th day of March, 2005.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge